(R.D. 11253)

T. D. DOWNING COMPANY v. UNITED STATES

Entry No. 8344.

(Decided January 4, 1967)

Siegel, Mandell & Davidson for the plaintiff.
Barefoot Sanders, Assistant Attorney General, for the defendant.

LANDIS, Judge: The above-entitled appeal for reappraisement has been submitted for decision on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court:

That the merchandise covered by the appeal for reappraisement herein consists of battery operated household utensils, exported from Japan subsequent to February 27, 1958, and designated on the commercial invoice herein as "No. 1099-738 Antique pistol bar mixer set."

That the said merchandise is not included in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958.

That on or about the date of exportation of the said merchandise, the price at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, ready for shipment to the United States, was the appraised value less the item of Buying Commission.

That this appeal may be submitted on this stipulation, limited to the merchandise described herein, and abandoned as to all other merchandise.

Accepting this stipulation as a statement of facts, I find and hold that the merchandise described in the foregoing stipulation was entered or withdrawn from warehouse for consumption on or after February 27, 1958; that the involved merchandise was not listed on the final list of articles published by the Secretary of the Treasury (T.D. 54521), effective February 27, 1958; and that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for the determination of the value of said merchandise, and I find and hold that such statutory value is the appraised value, less the buying commission.

All other claims as to all other merchandise, having been abandoned, are dismissed.